## IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DOERGE CAPITAL COLLATERALIZED BRIDGE FUND L.P., an Illinois Limited Partnership, ARMANDO ALONSO, an Individual, FRANCISCO ALONSO, an Individual, ERNEST DAVIS, JR, an Individual, and THOMAS HALL, an Individual <br><br> Plaintiffs, <br><br> v. <br><br> MARCUS LEMONIS, an Individual, and FREEDOM ROADS, LLC, a limited liability company <br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No.   04 A 04207 <br><br> The Honorable Bruce W. Black <br> Motion Date: January 13, 2005 <br> Time: 9:30 a.m. |

## NOTICE OF MOTION

TO:    Arthur J. Howe
      Ian H. Fischer
      Schopf & Weiss LLP
      312 W. Randolph Street, Suite 300
      Chicago, IL 60606

PLEASE TAKE NOTICE that on **January 13, 2005 at 9:30 a.m.** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Judge Black, in Courtroom 615, in the Dirksen Federal Building, 219 S. Dearborn Street, Chicago, Illinois 60604, and then and there present, **Plaintiffs' Motion to Abstain and Remand,** a copy of which is herewith served upon you.

Doerge Capital Collateralized Bridge Fund L.P., an Illinois Limited Partnership, Armando Alonso, Francisco Alonso, Ernest Davis, Jr., and Thomas Hall

By: _____
One of their attorneys

Robert A. Carson (#3126935)
Christopher J. Horvay (# 01263315)
Christina B. Conlin (#6255644)
Gould & Ratner
222 North LaSalle Street, Eighth Floor
Chicago, Illinois 60601

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

DEC 2 8 2004

KENNETH S. GARDNER, CLERK
PS REP. - AI

/269641.v 1

## CERTIFICATE OF SERVICE

I, Mary Lites, a non-attorney, state that I caused copies of the attached **Motion to Abstain and Remand**, to be served upon the following parties listed below, via first class mail with proper postage, on December 28, 2004, before 5:00 p.m.

Mary Lites

TO:

Arthur J. Howe
Ian H. Fischer
Schopf & Weiss LLP
312 W. Randolph Street, Suite 300
Chicago, IL 60606

/269885.v 1

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOERGE CAPITAL COLLATERALIZED )
BRIDGE FUND L.P., an Illinois Limited )
Partnership, ARMANDO ALONSO, an )
Individual, FRANCISCO ALONSO, an )
Individual, ERNEST DAVIS, JR, an Individual, )
and THOMAS HALL, an Individual )
                                                                        )
                                    Plaintiffs,              )
                                                                        )    No.    04 A 04207
                                                                        )
                        v.                                        )    The Honorable Bruce W. Black
                                                                        )    Motion Date: January 13, 2005
                                                                        )    Time: 9:30 a.m.
MARCUS LEMONIS, an Individual, and )
FREEDOM ROADS, LLC, a limited liability )
company                                                     )
                                    Defendants.           )

## MOTION TO ABSTAIN AND REMAND STATE COURT ACTION TO THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS

Plaintiffs, Doerge Capital Collateralized Bridge Fund L.P., an Illinois Limited

Partnership, Armando Alonso, Francisco Alonso, Ernest Davis, Jr., and Thomas Hall, by their

undersigned attorneys, move for this Court to abstain and/or remand this action to the Circuit

Court of the Nineteenth Judicial Circuit, Lake County, Illinois.  In support thereof, Plaintiffs

state as follows:

### Background

1.       On October 27, 2004, Plaintiffs filed this action in the Nineteenth Judicial Circuit,

Lake County, Illinois, stating claims for fraud, breach of fiduciary duty, and successor liability

against Marcus Lemonis ("Lemonis"), an individual and resident of Illinois, and against

FreedomRoads, LLC ("FreedomRoads").  A copy of Plaintiffs' Complaint is attached as Exhibit

A.  Plaintiffs have not named the debtor, Holiday RV Superstores as a defendant in their action.

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

DEC 2 8 2004

KENNETH S. GARDNER, CLERK
PS REP. - AI

*See Plaintiffs' Complaint,* ¶ 8 *("Holiday RV Superstores, Inc...is not named as a defendant in this action, and no relief is sought against Holiday RV in this proceeding.").* Plaintiffs' Complaint states claims based solely on state law, and seeks damages for the independent, pre-petition actions of Lemonis and FreedomRoads. A review of the Complaint demonstrates that Plaintiffs' claims of successor liability against FreedomRoads are not based on the acts of Holiday RV, but rather, are based upon FreedomRoads' independent actions prior to Holiday RV's filing for bankruptcy protection.

2.     On October 23, 2003, Holiday RV Superstores, Inc. filed a voluntary petition for bankruptcy in the U.S. Bankruptcy Court for the District of Delaware. On August 27, 2004, the Bankruptcy Court confirmed the plan of reorganization (the "Plan") of Holiday RV.

3.     On December 3, 2004, Defendants, Marcus Lemonis and FreedomRoads, filed a Notice of Removal with this Court. Defendants argue, incorrectly, that Removal is proper because Plaintiffs' action is a core proceeding due to a purported "direct challenge to the bankruptcy court's order that the assets of the debtor, Holiday RV Superstores, Inc. would vest free and clear in the reorganized entity, which the bankruptcy transferred to FreedomRoads." This is misleading because there was no transfer of assets to FreedomRoads, either by Section 363(f) of the Bankruptcy Code (11 U.S.C. § 363(f)) or by confirmation of Holiday R.V.'s Plan, and there was, at most, a transfer of equity in the Reorganized Debtor. Defendants also claim that "Plaintiffs' allegations largely concern whether Lemonis properly disposed of the [Debtor's property]." *Defendants' Removal, p.4,* ¶ 11. This is an utter mischaracterization of the allegations of the Complaint. These allegations primarily relate to the pre-petition misrepresentations and fraudulent statements made by Lemonis to the Plaintiffs, and the actions Plaintiffs took based upon those misrepresentations. The brief references to Holiday RV's

2

bankruptcy are merely informational, and not substantive. Inasmuch as such references have created confusion, upon remand, Plaintiffs will file an amended complaint that removes paragraphs 59 and 60 of the Complaint. Plaintiffs recognize that nothing that occurred in Holiday RV's Chapter 11 is subject to collateral attack by way of their state court action, nor is it Plaintiffs' intention to so attack the proceedings in the Chapter 11 or the vesting of the equity in the Reorganized Debtor pursuant to the Plan.

4.      Importantly, the Plan does <u>not</u> provide expressly for the transfer of the stock of the reorganized entity to FreedomRoads LLC. Rather, the plan provides that "on the Effective Date, the Reorganized Debtor is authorized to immediately issue approximately 500 shares of New Common Stock to **FreedomRoads Minnesota** one of the Lenders, or its designee, which 500 shares shall constitute all issued stock of the Reorganized Debtor." *See Plan, ¶ 6.4, p. 4)(emphasis supplied)*. Hence, it is by no means clear that FreedomRoads, LLC's assertions that it is somehow connected to the Chapter 11 should receive any credence, since the Chapter 11 plan involved (apparently) an entirely different entity, namely FreedomRoads, Minnesota.

## ARGUMENT

### This Court Lacks Jurisdiction To Hear Plaintiffs' Claims

5.      In removal proceedings "the paramount issue the court must resolve is whether it has jurisdiction[.]" *In re Emerald Acquisition Corp.*, 170 B.R. 632 (N.D. Ill. 1994). Under 28 U.S.C. § 1452(a), a claim or cause of action may be removed to a district court only if such court has jurisdiction of such claim or cause of action pursuant to 28 U.S.C. § 1334. *See also, In re Emerald Acquisition Corp.*, 170 B.R. at 639. Section 1334(b) provides, in relevant part, that a district court shall have "original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under title 11." *Id.* Pursuant to 28 U.S.C. § 157,

3

bankruptcy courts may "hear and determine all cases under Title 11, and all core proceedings arising under title 11 or arising in a case under Title 11." *Id.*

6.      A reading of Plaintiffs' Complaint shows that Plaintiffs' action is a noncore, unrelated proceeding, and that this Court has no jurisdiction to hear Plaintiffs' claims.  As such, this action must be remanded to the Nineteenth Judicial Circuit, Lake County, Illinois.

7.      According to the Seventh Circuit, "a proceeding is core under Section 157 if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F. 2d 1233, 1239 (7th Cir. 1990).  A proceeding "arises under" Title 11 if a party is claiming a right or remedy created by one of the specific sections of Title 11. *In re Emerald Acquisition Corp.*, 170 B.R. at 640.  A proceeding "arises in" a Title 11 case if it relates to those administrative matters that arise only in bankruptcy cases." *Id.*; *See also, Ginsberg & Martin on Bankruptcy, § 1.03[A], p. 1-32, listing violations of the automatic stay of § 362, the use, sale or lease of property under § 363, obtaining credit under § 364, or the assumption or rejection of executory contracts under § 365, as matters "arising in" a Title 11 case).*  It is clear that Plaintiffs' claims do not fall within the definition of core proceedings, and are, consequently, noncore proceedings.

8.      However, in addition to core proceedings, a bankruptcy court may hear noncore proceedings that are related to a case under Title 11. *Id.; 28 U.S.C. § 157(c)(1).*  However, Section 157(c)(1) is to be construed narrowly "to preserve the jurisdiction of state courts over questions of state law involving persons not a party to the bankruptcy." *In re Emerald Acquisition Corp.*, 170 B.R. at 640; *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F. 2d 746, 749 (7th Cir. 1989).  "Proceedings classified as 'related to' usually involve causes of action owned by

4

the debtor that become property of the estate under 11 U.S.C. § 541 and suits between third parties which in one way or another affect the administration of the Title 11 case." *In re Emerald Acquisition Corp.*, 170 B.R. at 640.

### Plaintiffs' Complaint Is A Noncore, Unrelated Proceeding

9.      A reading of the Complaint, as well as Defendants' Notice of Removal, show that this Court lacks jurisdiction and must remand this matter to the Circuit Court for the Nineteenth Judicial Circuit, Lake County, Illinois. Plaintiffs' claims do not constitute a core proceeding. None of the factors in the non-exhaustive list provided in 28 U.S.C. § 157(b)(2) have been met. Importantly, Defendants do not cite a specific provision under Section 157(b)(2) through which they assert a purported core proceeding. This lack of identification is because Defendants' cannot show that Plaintiffs' claims fit anywhere in the list set forth in Section 157(b)(2). Likewise, Plaintiffs' claims do not "invoke a substantive right provided by title 11", nor are they claims "that, by [their] nature, could arise only in the context of a bankruptcy case." *Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F. 2d at 1239.

10.      Plaintiffs' claims of fraud, breach of fiduciary duty and successor liability against Lemonis and FreedomRoads arise under Illinois law, and arise, most definitely, outside the context of a bankruptcy case. Moreover, nothing in Plaintiffs' Complaint invokes a substantive right under title 11. As such, Defendants' assertion that Plaintiffs' claim constitute a core proceeding fails.

11.      *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159 (7th Cir. 1994) is very instructive on this point. In *Zerand*, the Seventh Circuit held that a tort claim filed post-confirmation against a Chapter 11 debtor's successor after the debtor was liquidated was not a core proceeding arising under the bankruptcy code, nor arising in the bankruptcy proceeding. In *Zerand*, Cary

Metal Products filed a Chapter 11 proceeding, and ultimately negotiated the sale of its assets to

Zerand-Bernal Group ("Zerand"). *Id.*, at 160-61. The sale agreement recited that it was subject

to entry of an order approving the sale "free and clear of any liens, claims or encumbrances of

any sort or nature…confirming all of the terms and conditions of this Agreement." *Id.*, at 161.

The bankruptcy court entered such an order and also reserved the right to enforce the agreement.

*Id.* After the sale and confirmation of the debtor's plan, two plaintiffs filed a tort action against

Zerand, for prepetition acts of the debtor, and claimed that Zerand was a successor to the debtor.

*Id.* Zerand filed an adversary complaint in the bankruptcy court seeking an injunction against

proceeding in the state court. The bankruptcy court determined that it did not have jurisdiction

to hear the adversary proceeding instituted by Zerand, and the district court affirmed the

dismissal of the proceeding. *Id.*, at 161.

12.     In reviewing the propriety of the dismissal of the action, the Seventh Circuit held

that the language of 28 U.S.C. § 157 "should not be read so broadly." The court noted:

> The reference to cases related to bankruptcy cases is
> primarily intended to encompass tort, contract and other
> legal claims **by and against the debtor**, claims that, were
> it not for bankruptcy, would be ordinary stand-alone
> lawsuits between the debtor and others but that section
> 1334(b) allows to be forced into bankruptcy court so that
> all claims by and against the debtor can be determined in
> the same forum.

*Id.* (emphasis supplied)(citing *In re Xonics,* 813 F.2d 127, 131 (7th Cir. 1987)). "A secondary

purpose is to force into the bankruptcy court suits to which the debtor need not be a party but

which may affect the amount of property in the bankruptcy estate." *Id.*, at 161-62. In affirming

the district court's dismissal of the adversary action, the Seventh Circuit held that the tort claim

"[was], to begin with, a claim neither by nor against the debtor." In addition, because the debtor

no longer existed as "all its assets [were] transferred to Zerand pursuant to the plan of

reorganization", the Seventh Circuit determined that the suit " [could not] possibly affect the amount of property available for distribution to Cary's creditors; all of Cary's property has already been distributed to them." *Id.* The court found that the tort claim, and therefore, the adversary complaint, were not proceedings "related" to the Cary bankruptcy within Section 1334.

13.    The court in *Zerand* next determined that the postconfirmation tort action did not "arise under" the Bankruptcy Code, nor "arise in" a bankruptcy proceeding.  The court made this determination based upon its finding that the "section 1334(b) cannot possibly be applicable to this dispute between two nonparties to the bankruptcy proceeding" because "[its] domain is limited to questions that arise during the bankruptcy proceeding and concern the administration of the bankrupt estate, such as whether to discharge the debtor." *Id.*, at 162.  The Seventh Circuit also noted that the federal interest in furnishing the decision of a tort claim between the purchaser at a bankruptcy sale and a third party was "extremely weak." *Id.*  Lastly, and perhaps most importantly, the court noted that the fact that Cary's assets were sold to Zerand free from all liens, claims and other encumbrances was still insufficient to confer jurisdiction upon the bankruptcy court. *Id.*, at 163.

14.    Like the tort claims asserted against the purchaser of the debtor's assets by a third party in *Zerand*, this action is a noncore, unrelated proceeding.  As in *Zerand*, Plaintiffs' claims are "to begin with, a claim neither by nor against the debtor." *Zerand*, 23 F. 3d at 162.  In addition, whether the equity of Holiday RV has already been transferred, either to FreedomRoads, LLC as it contends, or to FreedomRoads Minnesota as disclosed in Paragraph 6.4 of the Plan, cannot "possibly affect the amount of property available to [the debtor's] creditors." *See, Zerand*, at 162.  Moreover, the present case demonstrates more persuasive reasons to remand the case.  In this case, the assets of Holiday RV went to the Reorganized

7

17.     This case meets each requirement of § 1334(c)(2). Plaintiffs have filed a timely motion. Plaintiffs' claims are well-recognized state law claims of fraud, breach of fiduciary duty and successor liability. Plaintiffs could not have filed their action in federal court, as there is no issue of federal law, nor diversity jurisdiction. Plaintiff, Doerge Capital Collateralized Bridge Fund L.P. is an Illinois Limited Partnership with its principal place of business in Illinois. Defendant, Lemonis, an individual, is a resident of Illinois. This action was originally filed in the Circuit Court of the Nineteenth Judicial Circuit, an Illinois State court. Moreover, this action can be timely adjudicated in state court.

18.     Lastly, the fraud, breach of fiduciary duty and successor liability claims do not arise under the Bankrutpcy Code, nor "arise in" a bankruptcy proceeding. A proceeding "arises under" title 11 if a party is claiming a right or remedy created by one of the specific sections of title 11. *In re Emerald Acquisition Corp.,* 170 B.R. at 640. That is not the case here. Similarly, a proceeding "arises in" a title 11 case if it relates to those administrative matters that arise only in bankruptcy cases. *Id.* There is simply nothing in Plaintiffs' claims that invokes or relates to administrative matters that arise only in bankruptcy cases. While there are references to Holiday RV and its bankruptcy, those statements are for informational purposes only. Plaintiffs' willingness to delete these statements from an amended complaint on remand demonstrates that the allegations are not critical to the Complaint. The crux of Plaintiffs' claims and allegations for fraud, breach of fiduciary duty, and successor liability claims, relate to Marcus Lemonis' pre-petition acts and FreedomRoads' independent, pre-petition acts. Plaintiffs are not seeking to impose liability upon FreedomRoads for the alleged acts of Holiday RV, but for FreedomRoads' acts. Holiday RV's bankruptcy does not insulate FreedomRoads from the consequences of its own fraudulent conduct. The possibility of a judgment being entered in favor of Plaintiffs and

9

against the Defendants would in no way affect the Debtor or its estate.  Moreover, Plaintiffs have

absolutely no intention of interfering with the injunction imposed by the confirmation order

relating to the Plan.  It is clear from the allegations in the Complaint, as well as this Motion,

Plaintiffs' Complaint does not relate "to administrative matters that arise only in bankruptcy

cases."

19.    Accordingly, this court must abstain from hearing Plaintiffs' claims.

**In The Alternative, This Court Should Exercise Discretionary Abstention And
Refrain From Hearing This Action**

20.    Pursuant to Section 1334(c)(1), a bankruptcy court has the discretion to abstain

from hearing a proceeding "in the interest of justice, or in the interest of comity with State courts

or respect for State law."

21.    In evaluating discretionary abstention, courts have usually looked to well-

developed notions of judicial abstention when applying Section 1334(c)(1). *In re Chicago,

Milwaukee, St. Paul & Pacific Railroad Co.*, 6 F. 3d 1184, 1189 (7th Cir. 1993).  The Seventh

Circuit has adopted a test to provide more guidance on discretionary abstention, which requires

courts to evaluate the following factors:

1.    the effect or lack thereof on the efficient administration of the estate
      if a Court recommends abstention

2.    the extent to which state law issues predominate over bankruptcy issues

3.    the difficulty or unsettled nature of the applicable law

4.    the presence of a related proceeding commenced in state court or
      other nonbankruptcy court

5.    the jurisdictional basis, if any, other than § 1334

6.    the degree of relatedness or remoteness of the proceeding to
      the main bankruptcy case

7.    the substance rather than form of an asserted core proceeding

8.    the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court

9.    the burden of the bankruptcy court's docket

10.   the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties

11.   the existence of a right to a jury trial

12.   the presence in the proceeding of nondebtor parties.

*Id.*, at 1189. "Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *Id.*

22.    The first factor is whether there will be an effect or lack thereof on the efficient administration of the estate if the court abstains. Plaintiffs' action against Lemonis and FreedomRoads will not affect the administration of Holiday RV's estate in any manner. The Plan has already been confirmed. The 500 shares of the reorganized debtor have already been transferred. A state court proceeding and ultimate judgment against two non-parties will not affect the administration of Holiday RV's estate.

23.    Additional factors include "the substance rather than form of an asserted core proceeding", the extent to which state law issues predominate over bankruptcy issues, and the degree of relatedness or remoteness to the "main bankruptcy case." Plaintiffs' Complaint asserts only state law claims. Defendants attempt to create some nexus to the bankruptcy by alleging that this is a "direct challenge to the bankruptcy court's order that the assets of the debtor, Holiday RV Superstores, Inc., would vest free and clear in the reorganized entity, which the

11

bankruptcy transferred to FreedomRoads." However, the Seventh Circuit has already held that, in circumstances such as this case (a postpetition claim against a non-debtor), such an order is an "extremely weak" nexus to the bankruptcy court. *Zerand*, 23 F. 3d at 162. The fact of the matter is that Plaintiffs' Complaint invokes run of the mill state law claims against the Defendants, none of which affect Holiday RV's estate or bankruptcy proceeding.

24. In addition, Plaintiffs originally filed this action in state court, and there is no independent basis for federal jurisdiction. There is no federal question, nor diversity of citizenship. Furthermore, this case involves only nondebtors.

25. The overwhelming evidence requires this court to abstain from hearing this action "in the interest of justice, or in the interest of comity with State courts or respect for State law." *28 U.S.C. § 1334(c)(1)*.

## CONCLUSION

Plaintiffs' claims against FreedomRoads LLC and Marcus Lemonis in no way affect Holiday RV, the bankruptcy proceeding or the administration of Holiday RV's estate. Defendants' attempt to remove a state court proceeding with state court claims against two non-debtors is improper. Because this is a noncore, unrelated proceeding, this Court does not have jurisdiction to hear Plaintiffs' claims. This matter must be remanded to Illinois State court. In the alternative, if the court finds that this is a core, or related proceeding, equity still requires this court to abstain and remand the matter to Illinois State court.