IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOERGE CAPITAL COLLATERALIZED BRIDGE FUND L.P., an Illinois Limited Partnership, ARMANDO ALONSO, an Individual, FRANCISCO ALONSO, an Individual, ERNEST DAVIS, JR, an Individual, and THOMAS HALL, an Individual<br><br>Plaintiffs,<br><br>v.<br><br>MARCUS LEMONIS, an Individual, and FREEDOM ROADS, LLC, a limited liability company<br><br>Defendants. | No.   04 A 04207<br><br>The Honorable Bruce W. Black |

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
FEB 10 2005
KENNETH S. GARDNER, CLERK
PS REP. - MJ

PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO ABSTAIN AND REMAND STATE COURT ACTION TO
THE CIRCUIT COURT OF LAKE COUNTY, ILLINOIS

The burden of establishing federal jurisdiction falls on the party seeking removal. *Doe v. Allied Signal Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Defendants have failed to show that removal from the Circuit Court of Lake County was proper and, therefore, Plaintiffs' Motion to Abstain and/or Remand must be granted. Defendants' rationale for removal is fundamentally incorrect. Neither Defendant received the assets of the Debtor in the Chapter 11 proceeding. Likewise, Plaintiffs' claims against Marcus Lemonis ("Lemonis") are not derivative in nature, and instead, state individual claims.

Defendants repeatedly (and incorrectly) claim that this is a core proceeding because Plaintiffs' Complaint is an attack on the transfer of the Debtor's assets to Defendant, FreedomRoads, LLC. Specifically, Defendants' Removal Petition claimed removal was proper because Plaintiffs' Complaint is a "direct challenge to the bankruptcy court's order that the assets

/274377.v 1

of the debtor, Holiday RV Superstores, Inc. would vest free and clear in the reorganized entity, which the bankruptcy transferred to FreedomRoads." *Removal Petition,* ¶ 9. Likewise, Defendants' Response Brief claims that Plaintiffs' claims "[implicate] the Delaware Bankruptcy Court's order that the Debtor's assets be transferred "free and clear" of all claims." *Response, p. 4.* <u>The glaring error in Defendants' argument is that FreedomRoads, LLC never received the assets or equity of the Debtor via the bankruptcy proceeding or court order</u>.

A reading of the Plan shows, instead, that the Debtor's assets were transferred to the Reorganized Debtor, namely, Holiday RV, and the equity in the Reorganized Debtor was given to FreedomRoads Minnesota, a/k/a FreedomRoads Finance Company LLC (hereinafter "FreedomRoads Minnesota"). Defendants admit this in footnote 2 of their Response. It undisputed that there was no transfer of assets to FreedomRoads, LLC either by Section 363(f) of the Bankruptcy Code (11 U.S.C. § 363(f)) or by confirmation of Holiday R.V.'s Plan. Because FreedomRoads, LLC did not receive any of the Reorganized Debtor's assets or equity, the fact that a non-party received the Reorganized Debtor's equity "free and clear" is irrelevant for purposes of the Remand and Transfer Motions. As such, Defendants' purported justification for removal is false and a blatant misrepresentation of the facts.

## ARGUMENT

In removal proceedings "the paramount issue the court must resolve is whether it has jurisdiction[.]" *In re Emerald Acquisition Corp.,* 170 B.R. 632 (N.D. Ill. 1994). Defendants have failed to meet their burden that removal is proper. *See, Doe v. Allied Signal Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).

### Defendants Did Not Acquire The Assets or Equity of Debtor Under The Plan

In support of their position that this is a core proceeding, Defendants have (1) misrepresented that FreedomRoads, LLC received the Debtor's assets or equity (when a non-party actually received the equity of the Reorganized Debtor) and (2) chosen select phrases out of a 171-paragraph Complaint and argued them out of context.

A careful reading of the entire Complaint demonstrates that Plaintiffs' claims against FreedomRoads relate to FreedomRoads' improper acquisition of certain of Holiday RV's assets prior to its filing for bankruptcy protection. The transactions at issue all occurred pre-petition when FreedomRoads was doing business as Holiday Holdings, LLC. *See Complaint,* ¶ 48-52, 91-94, 121-126, 151-155. As such, the assets at issue were never part of the Debtor's estate, and thus, were never transferred (to a non-party or otherwise) pursuant to the Plan or bankruptcy proceeding.[1]

Defendants cite *In re Korhumel Indus.*, 103 B.R. 917, 924 (Bankr. N.D. Ill. 1989) for the proposition that this case arises under Title 11. However, *Korhumel* involved a defendant who purchased the Debtor's assets "free and clear" from the bankruptcy estate. It has already been established in this case that neither Defendant purchased or received the Reorganized Debtor's assets. As such, *Korhumel* is inapposite.

---

[1] Defendants argue that Plaintiffs have made contradictory statements in the Complaint and Remand Motion regarding assets transferred, or not transferred, to FreedomRoads, LLC. *See Defendants' Footnote 1.* However, Defendants' argument, once again, relies upon twisting the meaning of portions of select sentences. Plaintiffs' Complaint does assert that FreedomRoads, LLC received a substantial portion of Holiday RV's assets, but those assets were transferred to Holiday Holdings, LLC prior to the Chapter 11 proceeding and were never part of the Debtor's estate. In addition, Plaintiffs are correct that FreedomRoads, LLC never received any assets out of the Debtor's estate pursuant to the Plan- as Defendants admit that the equity of the Reorganized Debtor went to non-party FreedomRoads Minnesota. As such, Plaintiffs' statements regarding FreedomRoads' acquisition of Holiday RV assets are consistent and accurate.

### Plaintiffs' Claims Are Individual, Not Derivative

Defendants also assert that Plaintiffs' claims are derivative, and are not individual claims unique to Plaintiffs. A reading of the Complaint shows that Plaintiffs' claims are, in fact, individual and are not based upon harm done to the corporation or all shareholders. Plaintiffs' Complaint recites an extensive history of Lemonis' activities while at Holiday RV, including his waste of corporate assets. However, those allegations (1) provide background for a scheme to defraud the individual Plaintiffs, and (2) are not the gravamen of each Plaintiff's claims against Lemonis.

Defendants, without legal authority, state that Delaware law applies to the analysis of whether Plaintiffs' claims are derivative or individual. Regardless of whether Illinois or Delaware law applies, the two states approach the issue of whether a claim is derivative with the same analysis. Under Delaware law, "the distinction between derivative and individual actions rests upon the party being directly injured by the alleged wrongdoing" and "to set out an individual action, the plaintiff must allege either an injury which is separate and distinct from that suffered by other shareholders, or a wrong involving a contractual right of a shareholder which exists independently of any right of the corporation." *Kramer v. Western Pacific Industries, Inc.*, 546 A. 2d 348, 351 (Del. 1988). Under Illinois law, "a shareholder's claim is a derivative claim, not an individual claim, if the alleged injury affects the shareholder indirectly in his or her capacity as a shareholder" and the "critical inquiry is whether the gravamen of the pleadings states injury to the plaintiff upon an individual claim as distinguished from an injury which indirectly affects the shareholders or affects them as a whole." *Hunter v. Old Ben Coal Co.*, 844 F.2d 428 (7th Cir. 1988).

In this case, Plaintiffs' claims are individual, not derivative, because each count of the Complaint sets forth the Plaintiffs' individual damages resulting from Lemonis' conduct. *See Complaint*, ¶ 64-78; 82-83; 91-106; 112-113; 121-136; 142-143; 151-158; 164-165. For example, Doerge Capital Collateralized Bridge Fund L.P. ("Doerge Fund") alleges, in Count I:

> 66. During Doerge's negotiations with Holiday RV, from December 2001 through February 2002, Doerge had numerous conversations with Lemonis, who as Chairman and CEO, was negotiating on behalf of Holiday RV.
>
> 67. During those conversations, Doerge asked Lemonis about the extent of Adams' involvement with Holiday RV and specifically asked Lemonis whether Adams would be participating in the management and direction of the company. Doerge informed Lemonis that he would not invest in Holiday RV if Stephen Adams was to have a managerial role or a controlling interest in the company.
>
> 68. In response, Lemonis assured Doerge that Adams did not have a significant role in the management and direction of Holiday RV and that he would not have such role in the future.
>
> 69. Lemonis concealed from Doerge Fund (and other investors and creditors of Holiday RV) the plan and scheme between himself and Adams as hereinabove described, and misrepresented the true facts in his statements to Doerge, knowing his statements to be false.
>
> 70. Lemonis misrepresented these facts to Doerge intending to induce Doerge's reliance, and investment in Holiday RV.
>
> 71. Doerge believed Lemonis' statements to be true, and in reliance upon Lemonis' statements, and his silence concerning the scheme with Adams, and as a result Doerge Fund transferred $500,000 to Holiday RV and/or as directed by Holiday RV in accordance with the terms of their summary terms agreement, and notwithstanding that the parties had not yet executed definitive documentation.

In sum, Lemonis made fraudulent statements to induce Doerge to invest $500,000.00. It is clear that the harm alleged by Doerge is specific to Doerge and is not a claim on behalf of all shareholders or the entity, Holiday RV. The other Plaintiffs allege similar conduct by Lemonis which clearly constitutes individual damages unique to each individual Plaintiff. Counts IV and V allege that Lemonis made misrepresentations to Ernest Davis, Jr. to induce him to convert his

convertible promissory note to common shares of Holiday RV, and which fraudulent misrepresentations caused Davis to lose in excess of $1.5 million. *Complaint,* ¶ *94, 102-105, 112-113.* Likewise, Counts VII and VIII, on behalf of Francisco Alonso and Armando Alonso, allege Lemonis made misrepresentations to them to induce conversion of their convertible promissory notes to common shares of Holiday RV, resulting in a loss in excess of $1.7 million. *Complaint,* ¶ *122-126, 133-136, 142-143.* In addition, Thomas Hall was unable to sell shares of Holiday RV due to Lemonis' conduct. *Complaint,* ¶ *153-155.* Hall's claims against Lemonis are individual and not derivative. As a result, Hall suffered damages in excess of $1.5 million.

Each Plaintiff has suffered specific, individual damages unrelated to any damages suffered by Holiday RV or other shareholders. Plaintiffs' allegations that relate to Lemonis' wasting of corporate assets and other conduct, provide background for his scheme of fraudulent conduct, but do not constitute the core allegations for the damages suffered by individual Plaintiffs. Plaintiffs have alleged sufficient independent injury resulting from Lemonis' conduct to establish individual, non-derivative claims. As Defendants admit, the Plan permits such non-derivative claims against Lemonis and other former officers or directors of Holiday RV. *See Second Amended Plan of Reorg.,* ¶ *12.5* ("[N]othing in the Plan or any order confirming the Plan shall release, enjoin, or impact in any way any non-derivative Claim held by a Person or Entity against a current or former officer, director or Lender of the Debtor or Reorganized Debtor or any non-Debtor."). Plainly, on its face, this provision in the Plan shows Defendants' position is without merit.

### Undisputed Evidence Shows Plaintiffs' Claims Are Non-Core And Unrelated

*Zerand-Bernal Group, Inc. v. Cox,* 23 F.3d 159 (7th Cir. 1994) demonstrates that Plaintiffs' action is not a core proceeding arising under the Bankruptcy Code, nor arising in the

bankruptcy proceeding. Defendants try to discredit the impact of *Zerand*, by once again selecting a portion of one sentence from the opinion and quoting it out of context. Defendants claim that the fact that the Plaintiffs in this case were creditors in the bankruptcy proceedings requires the bankruptcy court to hear this case. For that proposition, Defendants quote, out of context, "[h]ad the Coxes been parties to the bankruptcy proceeding, they would have had no possible basis for suit against Zerand." *Defendants' Reponse, p. 8*. Defendants' "logic" does not follow. Moreover, Defendants omit the Seventh Circuit's full statement, interpreting Pennsylvania State law:

> Had the Coxes been parties to the bankruptcy proceeding, they would have had no possible basis for a suit against Zerand. But that is not because the bankruptcy court could and would enjoin such a suit; it is because the successorship doctrine on which they rely is inapplicable if the plaintiff had a chance to obtain a legal remedy as that afforded by the filing of a claim in bankruptcy. *Conway v. White Trucks*, 885 F.2d 90, 96 (3rd Cir. 1989)(interpreting Pennsylvania law)…But if they did, still Zerand would have to interpose its defense in the Pennsylvania suit. **It could not go to the bankruptcy court for this relief.** (emphasis supplied).

As discussed in Plaintiffs' Remand Motion, a complete reading of of *Zerand* makes it clear that Plaintiffs' claims, in this case, are non-core and unrelated to Holiday RV's Chapter 11 proceeding. As in *Zerand*, Plaintiffs' claims are "neither by nor against the debtor." *Zerand*, 23 F. 3d at 162. In addition, because Holiday RV's Plan was funded immediately upon confirmation, and was only a five percent plan to begin with, this case cannot "possibly affect the amount of property available to [the debtor's] estate." *Zerand*, at 162. Accordingly, application of *Zerand* to this case mandates remand to the Circuit Court of Lake County.

### Plaintiffs Meet Their Burden For Mandatory Abstention

Plaintiffs maintain that their claims do not constitute "related to" proceedings. Nonetheless, even if this Court finds that Plaintiffs' claims are "related to" the bankruptcy

proceeding, it still must abstain from hearing this matter. Plaintiffs have met their burden under 11 U.S.C. § 1334(c)(2) for mandatory abstention. Defendants incorrectly claim that Plaintiffs do not meet the third, fourth and sixth elements of 11 U.S.C. § 1334(c)(2).

Plaintiffs, in their Remand Motion, discuss in detail why this proceeding "does not arise under the Bankruptcy Code or in a case under the Bankruptcy Code." 11 U.S.C. § 1334(c)(2). *See, Plaintiffs' Remand Motion, pp. 6-9.* A proceeding "arises under" Title 11 if a party is claiming a right or remedy created by one of the specific sections of Title 11. *In re Emerald Acquisition Corp.*, 170 B.R. at 640. That is not the case here. Similarly, a proceeding "arises in" a Title 11 case if it relates to those administrative matters that arise only in bankruptcy cases. *Id.* There is simply nothing in Plaintiffs' claims that invokes or relates to administrative matters that arise only in bankruptcy cases.

Defendants next raise the issue of diversity of citizenship, claiming that Plaintiffs have failed to establish that no independent basis for federal jurisdiction exists. However, the undisputed evidence shows that both Defendants are citizens of Illinois, as is Plaintiff Doerge Capital. Defendants do not dispute that Lemonis and FreedomRoads are citizens of Illinois. Plaintiff Doerge Capital is a Delaware Limited Partnership with its principal place of business in Illinois. *See Affidavit of David J. Doerge, attached as Exhibit A,* ¶ 2. The General Partner in Doerge Capital is DCM Bridge, LLC. *Id.*, ¶ 1. David J. Doerge is the Managing Member of DCM Bridge, LLC and is a resident of Illinois. *Id.* In addition, Katherine Buchanan, one of Doerge Capital's limited partners, is a resident and citizen of Illinois. *Id.*, ¶ 3.

A limited liability company has the citizenship of its members for purposes of determining diversity jurisdiction. *Hoagland v. Sandberg, Phoenix & VonGontard, P.C.*, 385 F.3d 737 (7th Cir. 2004); *Lear Corp. v. Johnson Electric Holdings Ltd.*, 353 F.3d 580 (7th Cir.

2003). Likewise, for purposes of diversity jurisdiction, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-196, 110 S. Ct. 1015, 1021 (1990). Accordingly, David Doerge's Illinois residence makes Doerge Capital's General Partner, DCM Bridge, LLC, a citizen of Illinois. As such, Doerge Capital's General Partner is an Illinois citizen, as is Katherine Buchanan, a limited partner.

Federal courts measure "all challenges to subject-matter jurisdiction upon diversity of citizenship against the state of facts that existed at the time of filing- whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal." *Grupo Dataflux v. Atlas Global Group, L.P.*, 124 S. Ct. 1920, 1924, 541 U.S. 567 (2004). The undisputed evidence shows that both Defendants and Plaintiff Doerge Capital are citizens of Illinois. Accordingly, diversity jurisdiction does not exist and Plaintiffs have met the fourth element of 11 U.S.C. § 1334(c)(2).

Last, Defendants claim that mandatory abstention should be denied because Plaintiffs' action cannot be timely adjudicated in state court. Where a dispute exists as to whether an action can be timely adjudicated in state court, the moving party bears the burden of persuasion. *In re Georgou*, 157 B.R. 847, 851 (N.D. Ill. Bankr. 1993). The parties do not dispute that cases of more than $50,000 take an average of three years to reach verdict in Lake County. *See Defendants Response*, p. 11. The issue to be determined, therefore, is whether three years constitutes timely adjudication. In this case, it does.

The standard for what constitutes timeliness is "generally uncertain", and therefore, the issue is one of judicial discretion. *In re Georgou*, 157 B.R. at 851. In evaluating the issue of timely adjudication, the Court may consider (a) the backlog of the state court's calendar, (b) the

status of the bankruptcy proceeding; (c) the complexity of the issues; and (d) whether the state court proceeding would prolong the administration or liquidation of the estate. *Bates & Rogers Const. Corp. v. Continental Bank, N.A.*, 97 B.R. 905 (N.D. Ill. 1989). In deciding whether a matter may be timely adjudicated, "perhaps the most important factor is the nature of the underlying chapter proceeding." *In re Leco Enterprises, Inc.*, 144 B.R. 244 (S.D.N.Y. Bankr. 1992). When there is no administrative urgency, timely adjudication "can be weighed relatively lightly." *Id.*, at 251; *Bates & Rogers*, 97 B.R. at 908.

In *Bates & Rogers*, the court noted that "overcrowded dockets are characteristic of many jurisdictions and not easily avoided." *Id.*, at 908. The court reasoned that a five to nine year adjudication time, found in the Circuit Court of Cook County, was not reason to deny a motion for mandatory abstention. *Id.* The basis for the court's decision, in part, was that it did "not believe that a potential delay in state court will significantly affect the administration or liquidation of the estate." *Id.* As such, the court found that the matter could be timely adjudicated in state court, even with a potential five to nine year adjudication time. *Id.*

None of the concerns raised in the four factors set forth in *Bates & Rogers* are present in this case because the Plan has already been confirmed and the obligation to fund the Plan has already been accrued. As such, there is no administrative urgency. Likewise, there is no concern that proceeding in Lake County would "prolong the administration or liquidation of the estate." Accordingly, Plaintiffs have met their burden that this matter can be timely adjudicated in Lake County.

### In The Alternative, This Court Should Exercise Discretionary Abstention And Refrain From Hearing This Action

Pursuant to Section 1334(c)(1), a bankruptcy court has the discretion to abstain from hearing a proceeding "in the interest of justice, or in the interest of comity with State courts or

respect for State law." To defeat discretionary abstention, Defendants mistakenly argue that Plaintiffs' claims require the Court to interpret a bankruptcy order. This is not so. Defendants, once again, inaccurately claim that this case involves the transfer of the Debtor's assets to FreedomRoads "free and clear" and therefore, requires interpretation of the bankruptcy court's order. As stated above, FreedomRoads did not receive any of the Reorganized Debtor's assets or equity under the Plan. This is not disputed. It is readily available from the Plan itself. Neither the Plan, nor any other bankruptcy order, must be interpreted to proceed with Plaintiffs' action. The entity which received the Reorganized Debtor's equity is not a party to this proceeding.

Defendants and Plaintiffs agree that *In re Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 6 F. 3d 1184, 1189 (7th Cir. 1993), applies to the analysis for discretionary abstention. Courts should apply the factors set forth in *Chicago, Milwaukee,* "flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *Id.*, at 1189.

Plaintiffs' action against Lemonis and FreedomRoads will not affect the administration of Holiday RV's estate in any manner. For reasons stated previously, nothing in this proceeding requires the Court to interpret the Plan or any other bankruptcy order. In addition, the Plan has already been confirmed. The entire equity of the Reorganized Debtor has already been transferred to a non-party. Because this case lacks any involvement with the Debtor, its Estate or the Plan, and involves only state law claims, there are no issues of bankruptcy law to be addressed.

Because Plaintiffs' claims against two non-debtors does not involve Holiday RV, its estate or the Plan, there is no basis for jurisdiction before the bankruptcy court. Contrary to Defendants' arguments, abstention does not "threaten" the integrity of the bankruptcy

/274377.v 1

11

proceeding. Instead, Defendants' arguments are an attempt to hide the consequences of their own fraudulent and improper conduct behind the cloak of Holiday RV's bankruptcy.

## CONCLUSION

Plaintiffs' claims against FreedomRoads LLC and Marcus Lemonis in no way affect Holiday RV, the bankruptcy proceeding or the administration of Holiday RV's estate. Defendants' attempt to remove a state court proceeding with state court claims against two non-debtors is improper. Because this is a noncore, unrelated proceeding, this Court does not have jurisdiction to hear Plaintiffs' claims. This matter must be remanded to Illinois State court. In the alternative, if the court finds that this is a core, or related proceeding, equity still requires this court to abstain and remand the matter to Illinois State court.

WHEREFORE, Plaintiffs, Doerge Capital Collateralized Bridge Fund L.P., an Illinois Limited Partnership, Armando Alonso, Francisco Alonso, Ernest Davis, Jr., and Thomas Hall, by their attorneys, move for this Court to abstain and/or remand this action to the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois.

Doerge Capital Collateralized Bridge Fund L.P., an Illinois Limited Partnership, Armando Alonso, Francisco Alonso, Ernest Davis, Jr., and Thomas Hall

By: _____
One of their attorneys

Robert A. Carson (#3126935)
Christopher J. Horvay (# 01263315)
Christina B. Conlin (#6255644)
Gould & Ratner
222 North LaSalle Street, Eighth Floor
Chicago, Illinois 60601
(312) 236-3003

EXHIBIT A

Case 1:05-cv-00177-GMS   Document 24-21   Filed 03/22/2005   Page 13 of 14

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOERGE CAPITAL COLLATERALIZED )
BRIDGE FUND L.P., an Illinois Limited )
Partnership, et al. )
                               )
             Plaintiffs, )
                               )   No.   04 A 04207
             v. )
                               )   The Honorable Bruce W. Black
                               )
MARCUS LEMONIS, an Individual, and )
FREEDOM ROADS, LLC, a limited liability )
company )
             Defendants. )

### AFFIDAVIT OF DAVID J. DOERGE

      I, DAVID J. DOERGE, do swear or affirm that the following matters are known to me personally, and if called to testify, could competently, state as follows:

      1.     I am the Managing Member of DCM Bridge, LLC, the General Partner in Doerge Capital Collateralized Bridge Fund LP. I am a resident of Illinois.

      2.     Doerge Capital Collateralized Bridge Fund LP is a Delaware Limited Partnership with its principal place of business in Illinois.

      3.     Katherine Buchanan is a limited partner in Doerge Capital Collateralized Bridge Fund LP. Ms. Buchanan is a resident of Illinois.

FURTHER AFFIANT SAYETH NOT.

Date: February 10, 2005.

                                                                _____
                                                                David J. Doerge

Subscribed and sworn to
before me this 10 day
of February, 2005.

_____
Notary Public

OFFICIAL SEAL
NATALIE G. MARRERO
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-24-2006

/274781.v1