IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DOERGE CAPITAL COLLATERALIZED BRIDGE FUND L.P., a Limited Partnership, ARMANDO ALONSO, an Individual, FRANCISCO ALONSO, an Individual, ERNEST DAVIS, JR., an Individual, and THOMAS HALL, an Individual,<br><br>    Plaintiffs,<br><br>v.<br><br>MARCUS LEMONIS, an Individual, and FREEDOMROADS LLC, a Limited Liability Company,<br><br>    Defendants. | Case No. 04 AC 04207<br><br>Judge Bruce W. Black<br><br>Removed from Circuit Court of the Nineteenth Judicial Circuit (Lake County), Case No. 04 L 873 |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER

Defendants Marcus Lemonis and FreedomRoads LLC, by their attorneys, respectfully submit this reply in support of their motion to transfer this action to the U.S. District Court for the District of Delaware where Holiday RV Superstores, Inc.'s Chapter 11 bankruptcy is pending.

This Court should transfer this case, so that the Delaware bankruptcy court may decide both Plaintiffs' motion to abstain or remand and Defendants' motion to dismiss. This Court should do so because this matter is a core proceeding and the balance of the remaining factors favors transfer.

**I.   THE COURT SHOULD TRANSFER THIS CASE WITHOUT REACHING THE ISSUE AS TO WHETHER REMAND IS APPROPRIATE.**

Both Plaintiffs' motion to abstain or remand and Defendants' motion to dismiss present issues that should be decided by the court most familiar with this dispute. Contrary to Plaintiffs' assertion, this Court may transfer this matter, notwithstanding their remand motion.

143513 3.DOC

A. **The Delaware Bankruptcy Court Should Rule On Remand.**

1. **The Delaware Bankruptcy Court is in the best position to determine whether remand is appropriate.**

The Delaware Bankruptcy Court is most familiar with the fiduciary and successor liability issues Plaintiffs raise and whether that court's Order forecloses liability. Thus, it should decide whether Plaintiffs' claims arise under or relate to the Debtor's bankruptcy. In *Jackson v. Venture Dep't Stores, Inc.*, No. 98 C 6216, 1998 WL 778057 *2 (N.D. Ill. Nov. 3, 1998), a case Plaintiffs repeatedly cite in their opposition brief, the Court explained:

> Indeed, the general policy is to have all proceedings related to a bankruptcy case tried in the court where the bankruptcy is pending.

*Id.*;[1] *accord Pacific Dunlop Holdings (Europe) Ltd. v. Exide Holding Europe*, No. 02 A 1106, at 7-8 (Bankr. N.D. Ill. Feb. 4, 2003) (mem. & op.) (Ex. 6 to Mot.) (the home bankruptcy courts "are most familiar with the debtor's reorganization and therefore best equipped to consider the issues of remand and abstention."); *Hohl v. Bastian*, 279 B.R. 165, 177-78 (W.D. Pa. 2002) ("The bankruptcy court [hearing the bankruptcy] would obviously be more familiar with the [underlying bankruptcy] case than any other court.... Consequently, it will be well-positioned to determine how and to what extent the outcome of [the removed case] will affect administration of the bankruptcy estate and distribution of its assets.").

2. **Plaintiffs' own cases show that transfer should occur prior to a determination on remand and that remand is not appropriate here.**

Plaintiffs misapprehend the law of transfer and remand. Most of Plaintiffs' cases merely show that, like the *Jackson* case, some courts have simultaneously considered a motion to

---

[1] In their reliance on *Jackson*, Plaintiffs confuse the *Jackson* Court's description of the losing party's argument with the Court's opinion. In fact, the *Jackson* plaintiff mistakenly claimed that "removal is prohibited. 28 U.S.C. § 1441[,]" addressing removal for federal question and diversity jurisdiction. *Id.* *1. The Court noted that Jackson missed the relevant statute for remand in bankruptcy, which is 28 U.S.C. § 1452 – not § 1441 – and denied the motion to remand. Moreover, contrary to Plaintiffs' representation that the Court chose to first rule on remand and then to rule on transfer, the Court granted the motion to transfer *and* denied the motion to remand or abstain in a single decision. *Id.*

2

transfer and a motion to remand without raising, *sua sponte*, the propriety of having the court with the greatest familiarity with the bankruptcy decide the remand motion. *E.g., Shared Network Users Group v. Worldcom Tech., Inc.*, 309 B.R. 446 (E.D. Pa. 2004) (denying motion to remand and granting motion to transfer to home bankruptcy court in single decision); *Nemsa Establishment, S.A. v. Viral Testing Sys. Corp.*, No. 95 Civ. 277, 1995 WL 489711, *12 (S.D.N.Y. Aug. 15, 1997) (same).

Similarly, the court in *Retirement Sys. of Alabama v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257 (M.D. Ala. 2002), never decided the jurisdictional issue raised by the remand motion. Rather, it abstained because not all of the defendants had consented to removal and because of comity concerns raised by Congress' statutory recognition of "special interests of the states" in securities cases against state government entities, such as the parties there. *Id.* at 1269. The current case does not present either of these issues.

The only case Plaintiffs cite that does state a motion to remand should be considered before a motion to transfer – *Renaissance Cosmetics, Inc v. Dev'l Specialists Inc.*, 277 B.R. 5, 11 (S.D.N.Y. 2002) – contains no analysis on this point and is at odds with the "general policy" of most courts, including this District, *see Jackson*, 1998 WL 778057 *2.[2] More importantly, the *Renaissance* court's willingness to first decide the remand motion may be

---

[2] *City of Liberal, Kansas v. Trailmobile Corp.*, 316 B.R. 358, 362 (Bankr. D. Kan. 2004) ("weight of authority ... provide[s] that, where a bankruptcy court is simultaneously confronted with (1) a Motion, pursuant to 28 U.S.C. § 1412, to transfer or change the venue of an action ... and (2) a Motion to remand or otherwise abstain from hearing the change of venue action ... the action should be transferred to the 'home' court of the bankruptcy to decide the issue of whether to remand or abstain....") (citation omitted); *Pacific Dunlop*, at 7-8 ("the vast majority of courts" transfer before considering remand); *Hohl*, 279 B.R. at 177-78; *see In re Aztec Indus., Inc.*, 84 B.R. 464, 467 (Bankr. N.D. Ohio 1987) ("Plaintiffs removal of the state court action to this District, in order to transfer the case to the Bankruptcy Court for the Northern District of Oklahoma, appears to be the correct procedural approach.").

explained by its holding: faced with claims, including for breach of fiduciary duty, against the debtors' officers that were "brought for the benefit of their creditors," the court *denied* the motion to remand and *transferred* the case to the Delaware Bankruptcy Court, where the underlying bankruptcies were pending. *Id.* at 10, 18, 20. Similarly, as explained in Defendants' opposition to remand, Plaintiffs here bring an action that, if successful, must be for benefit of all of the Debtor's creditors.

Plaintiffs' cases also recognize that, like here, the home bankruptcy court should decide arguments involving its own orders. For example, as the *Shared Network* court explained, the "overwhelmingly significant factor, outweighing all others, is the judicial economy to be achieved in having the entire controversy decided in one forum, in this case the bankruptcy court which is already administering the [debtor's] bankruptcy." 309 B.R. at 452.[3]

Plaintiffs also ignore that this litigation would undermine the Delaware Bankruptcy Court's administration of the bankruptcy estate. If Plaintiffs' successor liability claim were permitted to proceed, the purchaser may sue the Debtor's estate for rescission of the transaction, a result that would deprive the Debtor's estate of substantial funds. *See In re Adelphia Communications Corp.*, 285 B.R. 127 (Bankr. S.D.N.Y. 2002) (bankruptcy court has jurisdiction over suit against joint venture in which the debtor had interest because judgment could affect value of debtor's interest). Similarly, if Plaintiffs' putative breach of fiduciary duty claim against Lemonis were permitted to proceed, the Debtor's estate would benefit by any success of this derivative claim, as recognized in Plaintiffs' *Renaissance* case, 277 B.R. at 11.

---

[3] Likewise, the court in *Arstk, Inc. v. Audre Recognition Sys*, No. 95 C 10519, 76565, 1996 WL 229883 (S.D.N.Y. May 7, 1996) remanded so that the state court could decide whether to hold a party in contempt of a state court order, demonstrating that a party should not be allowed to manipulate its case to prevent a court from interpreting its own order.

Plaintiffs' attempt to distinguish the Defendants' cases fails. Contrary to Plaintiffs' contention, the fact that Plaintiffs chose not to sue the Debtor is not determinative. *City of Liberal*, 316 B.R. at 362; *Hohl*, 279 B.R. at 177-78; *In re Allegheny Health, Educ. & Research Found.*, No. 98-25773, 1999 WL 1033566, *1 (Bankr. E.D. Pa. Nov. 10, 1999); *see Nemsa*, 1995 WL 489711, *5-6 (conspiracy claims against debtor's former officers "related to" bankruptcy proceeding). Indeed, as Plaintiffs' own case notes, "[M]erely designating parties as non-debtors or third parties does not per se provide the answer...." *Nemsa*, 1995 WL 489711, *5 (citation omitted).

### B. This Court Has Jurisdiction To Decide Transfer Before Remand.

Plaintiffs never once suggest, nor could they successfully argue under the allegations in their complaint, that this matter is not, at minimum, "related to" the bankruptcy proceedings in Delaware. *See City of Liberal*, 316 B.R. at 363 (suit against third parties for fraudulently conspiring to remove the bankrupt's assets was, at least, "related to" title 11); *In re Korhumel Indus.*, 103 B.R. 917, 942 (Bankr. N.D. Ill. 1989) ("suit arose under Title 11" where it required determination of whether purchaser of debtor's assets "free and clear" from bankruptcy estate could be liable as successor); *Hohl*, 279 B.R. at 177-178 (suit against debtor's officer for alleged wrongs committed as corporate officer was, at least, "related to" title 11); *In re U.S. Air Duct Corp.*, 8 B.R. 848, 852 (Bankr. N.D.N.Y. 1981) (claim against president of debtor corporation that arose through debtor's acts was at least "related to" title 11). Therefore, this Court has jurisdiction under 28 U.S.C. § 1334.

Even if this matter were wholly unrelated to the pending bankruptcy proceedings – which it is not – Plaintiffs' assertion that this Court is without jurisdiction to decide the motion to transfer until it has denied the motion to remand is simply wrong. As Defendants noted in their opposition to remand, Opp. to Remand at 2, federal courts routinely transfer cases, despite

remand motions. *See, e.g., In re Microsoft Corp. Windows Operating Sys. Antitrust Litig.*, No. 1332, 99-76056, 2000 WL 34448877 (J.P.M.L. Apr 25, 2000) ("jurisdictional and remand motions can be presented to and decided by the transferee judge"); *In re Federal Election Campaign Act Litig.*, 511 F. Supp. 821, 823-24 (J.P.M.L. 1979) (panel transferred actions despite pending motions to dismiss for lack of subject matter jurisdiction). Moreover, at least two Courts of Appeals have rejected identical jurisdictional challenges to MDL transfer orders. *See Grispino v. New England Mut. Life Ins. Co.*, 358 F.3d 16, 19 n.3 (1st Cir. 2004) ("The fact that there were pending jurisdictional objections did not deprive the MDL panel of the ability to transfer the case."); *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("[T]he MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending ....").[4]

The question is not whether there will be a decision on the jurisdictional issue, but rather which court is in the best position to decide it – this Court or the Delaware Bankruptcy Court. The remand motion is fully briefed. Transfer will not delay any decision as to jurisdiction, but will ensure that the motion is decided by the court in the best position to rule.

## II. THE COURT SHOULD TRANSFER BECAUSE THIS IS A CORE PROCEEDING.

### A. Plaintiffs Improperly Backtrack From Their Allegations Establishing That This Is A Core Proceeding.

In their attempt to avoid transfer and create a basis for remand, Plaintiffs argue facts that directly conflict with the allegations in their complaint:

| Plaintiffs' Response on Motion To Transfer | Plaintiffs' Complaint |
| --- | --- |
| Case "involves only pre-petition assets that were never part of the Debtor's bankruptcy estate." (p. 2) | "Lemonis and Adams conspired together on a plan for Adams to acquire the remaining assets of [the Debtor] Holiday RV out of bankruptcy and to move those assets to ... FreedomRoads, LLC." (¶ 57) |
| "[C]laims against FreedomRoads ... | |

---

[4] The fact that MDL transfers are pursuant to 28 U.S.C. § 1475, rather than under §§ 1412 or 1404, is irrelevant – if Plaintiffs' jurisdictional argument were correct, no federal court could transfer a case unless and until it denied any pending motion to remand.

6

| | |
|---|---|
| <u>do not involve any assets that were part of the Debtor's estate.</u>" (p. 5) (emphasis orig.) | "Those valuable assets [of the Debtor Holiday RV] ... were transferred to a new privately held business entity, Holiday Holding, LLC (now known as 'FreedomRoads LLC')" (¶ 1) |
| "There was no transfer of assets to FreedomRoads" (p. 3)[5] | "Freedom Roads LLC has assumed ownership and control of ... all or substantially all of [the Debtor] Holiday RV's assets." (¶ 88, 118, 148, 170) |
| | FreedomRoads is the "successor to [the Debtor] Holiday RV Superstores, Inc." (¶ 1) |
| | "[D]efendant FreedomRoads LLC today owns and operates all or substantially all of the assets formerly owned and operated by Holiday RV." (¶ 10) |
| Allegations "regarding Lemonis' role at Holiday RV" are merely "informational and asserted to establish the scheme to defraud Plaintiffs." (p. 3) | "Lemonis, as Chief Executive Officer and Chairman of the Board of Directors owed a fiduciary duty to the creditors of Holiday RV...." (¶¶ 80, 110, 140, 162) |

This revisionism is not permitted – Plaintiffs are bound by the allegations in their complaint. As the Seventh Circuit explained:

> [T]he factual allegations of the complaint ... inform the jurisdictional inquiry. ... [O]nce a defendant has removed the case, [the Supreme Court's holding in] *St. Paul* makes later filings irrelevant.

*In re Shell Oil Corp.*, 970 F. 2d 355, 356 (7th Cir. 1992); *see Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993) ("[A] plaintiff 'may not manipulate the process' to defeat federal jurisdiction and force a remand once the case has been properly removed.") (citation omitted).

---

[5] Although the complaint alleges that Defendant FreedomRoads acquired the assets of the Debtor and seeks to impose successor liability upon it, briefing on the pending cross-motions reveals the parties' agreement that Defendant FreedomRoads did not end up with any equity or assets of the Debtor. *See, e.g.*, Opp. to Trans. at 3-4. Rather, the reorganized Debtor's equity went to a subsidiary of Defendant FreedomRoads. One, however, is left to wonder how Plaintiffs could maintain a claim for successor liability against an entity that did not receive the assets or equity of the predecessor.

Moreover, Plaintiffs' current allegations are binding judicial admissions, which cannot be contested in this proceeding. *Help at Home, Inc. v. Med. Capital, LLC*, 260 F.3d 748, 753 (7th Cir. 2001); *Soo Line R.R. Co. v. St. Louis Southern Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) ("judicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible.").

Additionally, as the Defendants explained in opposition to remand, the current case is a re-filing of an earlier case by the lead Plaintiff, Doerge Capital. The allegations in the original case also establish this is a core proceeding. For example, the original complaint sought the same money from the Debtor Holiday RV that Plaintiffs now seek from FreedomRoads. It did so on the basis that "Holiday did not return the loaned funds" when "it became clear that the parties could not reach an agreement on the language of a the definitive documentation" for the alleged loan. Orig. Compl. ¶¶ 10, 12. Similarly, in the claim for fraud against the Debtor Holiday RV, the original complaint alleges that "Lemonis, *as CEO of Holiday*, fraudulently misrepresented Holiday's plans" – the same alleged plans that Plaintiffs now identify as part of their fraud claim against Lemonis. *Id.* ¶ 32 (emphasis added). The original complaint is an evidentiary admission. *Walaschek & Assocs., Inc. v. Crow*, 733 F.2d 51, 54 (7th Cir. 1984) (prior state court pleading properly admitted in subsequent federal proceeding). In addition, Plaintiff Doerge Capital verified the allegations under oath. Plaintiffs should not be permitted to simply walk away from previous sworn statements.

> **B.   When Presented With A Reasonable Argument That The Case Involves A Core Proceeding, Transfer To The Home Bankruptcy Court Is Appropriate.**

As the Defendants explained more thoroughly in their opposition to remand, this case involves core proceedings. For example, Plaintiffs' attempt to impose successor liability on FreedomRoads directly implicates the Delaware Bankruptcy Court's order that the Debtor's assets be transferred "free and clear" of all claims. *In re Korhumel*, 103 B.R. at 924. Likewise,

Plaintiffs try to assert derivative claims of the Debtor for breach of fiduciary duty, which belong to the Debtor's estate. *Production Res. Group, LLC v. NCT Group, Inc.*, No. C.A. 114-N, 2004 WL 2647593, *13-14 (Del. Ch. Nov. 17, 2004) (Ex. 3 to Opp. to Remand).

When a court faces a motion to transfer to the court in which the bankruptcy is pending and there is a reasonable argument that a proceeding is a core proceeding, the most appropriate action is to transfer to the home bankruptcy for the determination as to whether or not the claim is a core matter. *City of Liberal*, 316 B.R. at 362 ("The validity of the motion to remand is properly determined by the transferee court."); *Bayou Steel Corp. v. Boltex Mfg. Co.*, 3 C 1045, 2003 WL 21276338, *1 (E.D. La. June 2, 2003) ("[T]he determination under 28 U.S.C. § 157(b)(3) is required in order to decide plaintiff's motion for abstention," and "[t]his determination is for the bankruptcy judge"); *Kieslich v United States*, 216 B.R. 643, 644 (D. Nev. 1998), reversed on other grounds, 258 F.3d 968 (9th Cir. 2001) (the core/non-core distinction is a "fact-sensitive characterization best performed by the Bankruptcy Court in the first instance."); *Consolidated Lewis Inv. Corp. v. First Nat'l Bank*, 74 B.R. 648, 651 (E.D. La. 1987), ("the question of whether the instant action is a core proceeding must be decided by the Bankruptcy Court"); *Wedlo, Inc. v. Lorch*, 212 B.R. 678, 679 (Bankr. M.D. Ala. 1996) (noting that "the bankruptcy court ... is in the best position to determine the issues underlying the motion to remand"); *see Kinney Sys., Inc. v. Internet Realty P'ship*, 75 B.R. 346, 347 (Bankr. E.D. Pa. 1987) ("We shall not decide the most significant aspects of the ... Motion [to dismiss, abstain, or remand], as we believe that, for the most part, this Motion should be resolved by the 'home' court [i.e., the bankruptcy court].").

### III.   THE INTERESTS OF JUSTICE AND CONVENIENCE OF THE PARTIES FAVOR TRANSFER.

The economic and efficient administration of the estate is the most significant factor in considering transfer motions. Plaintiffs even concede that "strong public policy" calls

for transfer of matters that implicate the Debtor or its estate. *See* Opp. to Trans. at 10. Here, as the Defendants have argued in their briefs, the current action involves core proceedings and, thus, should be transferred. To the extent any questions linger on the issue, the Delaware Bankruptcy Court is best suited to resolve them.

Not only does strong public policy call for the transfer of all core proceedings, but transfer furthers other factors relating to the interests of justice. For example, Plaintiffs have not disputed that any issues of state law in the case will be decided under *Delaware* law. The Delaware Bankruptcy Court is well positioned to decide such issues, and Illinois courts have no interest in resolving such controversies.[6] Nor can Plaintiffs claim that this case is the least bit advanced. Indeed, it never moved beyond the initial pleading stage. The Debtor's bankruptcy proceeding in Delaware, on the other hand, is well advanced. In fact, the plan has been confirmed.

The convenience of the parties is much less important than the interests of justice prong of the transfer analysis. *Pacific Dunlop*, at 10; *see Commonwealth Oil Refining Co.*, 596 F.2d 1239 (5th Cir. 1979) (most deference given to efficient and economic administration of the estate); *In re Pinehaven Asssoc.*, 132 B.R. 982 (E.D.N.Y. 1991) (same); *Hohl*, 279 B.R. at 178 (transferring case to bankruptcy court because it is "well-positioned to determine how and to what extent the outcome [of the state case] will affect administration of the bankruptcy estate"); *see In re Enron Corp.*, 284 B.R. 376, 387 (Bankr. S.D.N.Y. 2002) ("the factor given the most

---

[6] Although Plaintiffs claim that their choice of forum is entitled to deference, a plaintiff is not entitled to the wrong forum. *See Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999); *Renaissance Cosmetics, Inc. v. Dev'l Specialists Inc.*, 277 B.R. 5 (Bankr. S.D.N.Y. 2002); *Kalamazoo Realty Venture Ltd. P'ship v. Blockbuster Entertainment Corp.*, 249 B.R. 879 (Bankr. N.D. Ill. 2000). Further, the current motion asks the Court to choose between the Bankruptcy Courts of Illinois and Delaware. Plaintiff chose neither forum. Therefore, "Plaintiffs' choice of forum" is not currently an option.

weight is the promotion of the economic and efficient administration of the estate."). Nonetheless, the convenience of the parties prong of the test also favors transfer.

One of the Plaintiffs, Doerge Capital, is a Delaware limited partnership (*see* Compl. ¶ 2; Ex. 7 to Mot. to Transfer), three are from the East Coast (Compl. ¶¶ 3-5), and one is from Kentucky (*id.* ¶ 6). The Debtor – the alleged predecessor through whom Plaintiffs' successor liability claims must flow and the corporation through whom Plaintiffs' derivative breach of fiduciary duty claims allegedly arise – is itself a Delaware corporation, its bankruptcy has been pending in Delaware for about a year and a half, and its plan of reorganization was considered and adopted there. Much of the evidence relevant to this case is already before the Delaware Bankruptcy Court.

Although Plaintiffs, without citation to authority, belittle the Defendants for their willingness to have the case heard in Delaware (where the Defendants may have to pursue actions against the Debtor arising from this case), Plaintiffs do not attempt to explain what evidence the Defendants supposedly have in Illinois that might make a proceeding here more convenient. Indeed, as parties, both Defendants may be compelled to produce documents and respond to discovery regardless of where this matter is pending. Similarly, the Delaware case already has before it many of the factual allegations raised in this case. *See Doerge Capital Proof of Claim* (Ex. 2 to Opp. to Remand).

Importantly, Plaintiffs and their counsel are no strangers to the Delaware Bankruptcy Court. Indeed, three of the five Plaintiffs have already appeared there to pursue proofs of claims relating to the same issues they purport to assert in this case. Plaintiff Doerge Capital served on the Official Committee of Unsecured Creditors. Moreover, the very attorneys who represent Plaintiffs here handled their clients' proofs of claim in the Delaware proceeding and represented Plaintiff Doerge Capital during its service on the Committee.

11

## CONCLUSION

For the reasons set forth above, Defendants Marcus Lemonis and FreedomRoads LLC respectfully request that this action be transferred pursuant to 28 U.S.C. § 1412 or § 1404 to the United States District Court for the District of Delaware where Holiday RV Superstores, Inc.'s bankruptcy is currently pending.

Dated: February 10, 2005

Respectfully submitted,

_____
One of the Attorneys for Defendants
Marcus Lemonis and FreedomRoads LLC

Arthur J. Howe (ARDC # 6190109)
Ian H. Fisher (ARDC # 6224920)
Schopf & Weiss LLP
312 W. Randolph Street, Suite 300
Chicago, Illinois 60606
(312) 701-9300

## CERTIFICATE OF SERVICE

I, Ian H. Fisher, an attorney, hereby certify that I caused a copy of the attached **Defendants' Reply in Support of Their Motion to Transfer** to be served via email and by U.S. Mail, on February 10, 2005, upon the following:

>Robert A. Carson
>Christopher J. Horvay
>Christina B. Conlin
>Gould & Ratner
>222 North LaSalle Street, Eighth Floor
>Chicago, IL 60601
>RCarson@gouldratner.com

_____
Ian H. Fisher