Not Reported in A.2d  
2003 WL 723285 (Del.Ch.)  
**(Cite as: 2003 WL 723285 (Del.Ch.))**

Page 14

excuses the lack of a demand. [FN61]

> FN58. *See* Sahagen Parties Ans. Br. at 34.
>
> FN59. *See* 6 *Del. C.* § 18-1001; *Rales v. Blasband,* 634 A.2d 927, 932 (Del.1993) ("Because directors are empowered to manage, or direct the management of, the business and affairs of a corporation, the right of a stockholder to prosecute a derivative suit is limited to situations where the stockholder has demanded that the directors pursue the corporate claim and they have refused or where demand is excused because the directors are incapable of making an impartial decision regarding such litigation").
>
> FN60. *Aronson v. Lewis,* 473 A.2d 805, 814 (Del.1984).
>
> FN61. *See Brehm v. Eisner,* 749 A.2d 244, 256 (Del.2000) ("These prongs [of the *Aronson* test for determining whether demand is excused] are in the disjunctive. Therefore if either prong is satisfied, demand is excused.").

Both the Castiel Parties and the Sahagen Parties concede that the sole issue relating to whether demand on the Virtual Geo board would have been futile depends on whether Ambassador (Ret.) Gerald Helman would be disinterested and independent in a demand made by Sahagen to pursue litigation against Castiel for breach of fiduciary duty. This is because Castiel and Sahagen are the other two members of Virtual Geo's three-person Board of Managers. To support their argument that Helman was not disinterested or independent, the Sahagen Parties argue that Helman "is entirely dependent upon Castiel because his only other employment is as an officer in Ellipso, which Castiel controls." [FN62] The Sahagen parties also allege beholdenness on the part of Helman because he and Castiel are close friends. [FN63] In the same breath, however, the Sahagen Parties argue that Helman is beholden to Castiel because Helman once before acted to remove Castiel from a position of authority at Ellipso and Castiel terminated Helman. Helman is now allegedly afraid of similar reprisals. These arguments are all insufficient to satisfy the requirement that individual plaintiffs demonstrate futility before bringing a derivative claim on behalf of an LLC.

> FN62. Sahagen Parties Ans. Br. at 36.
>
> FN63. *Id.* at 37.

*12 It may be true that Helman's sole *employment* is as an officer of Ellipso, but this misses the point that Helman has other substantial sources of *income.* In his sworn affidavit, Helman stated that "I am not dependent on my Ellipso salary. My Ellipso salary is a supplement to my chief source of income. I am retired from a senior position in the Foreign Service of the Department of State and am receiving a full annuity that includes medical and other benefits." [FN64] The Sahagen Parties' second claim that because they are friends Helman is incapable of initiating a suit against Castiel, is defeated by their third claim that argues Helman has opposed Castiel, to the point that Castiel chose to fire Helman, at times prior to this litigation. Clearly their friendship has not stood in the way of their past business dealings and there is no reason to think that it should in the future. Finally, the Sahagen Parties' third contention does not prove that Helman is beholden to Castiel. If anything, this argument supports an inference that Helman is not beholden to Castiel. The very fact that Helman supposedly was willing to risk his job to vote his conscience, and against Castiel, in the past demonstrates that he is not beholden to Castiel and is willing to vote against him again should the situation call for it.

> FN64. Helman Aff. ¶ 2.

For all these reasons, the court will grant summary judgment in favor of the Castiel Parties on Counts III, IV, and VIII of the Sahagen Parties' counterclaim for failure to seek demand and an inability to demonstrate that such demand would have been futile. [FN65]

> FN65. The court will allow the Sahgen Parties to re-file their derivative action if demand is made and it is wrongfully refused.

C. *Summary Judgment Should Be Entered Against Sahagen And Quinn For Breach Of Their Duty Of*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
2003 WL 723285 (Del.Ch.)
(Cite as: 2003 WL 723285 (Del.Ch.))

Page 15

*Loyalty*

Count II of the complaint of Virtual Geo and Count II of the Castiel Parties' counterclaims allege that Sahagen and Quinn breached their duty of loyalty when, in the context of a merger, they attempted to wrest control of Virtual Geo from Castiel without his consent. Then-Vice Chancellor Steele, in a trial on a corporate governance issue, has already held that Sahagen and Quinn "owed a duty of loyalty to [Virtual Geo], its investors and Castiel, their fellow manager," and "that the actions of Sahagen and Quinn, in their capacity as managers constituted a breach of their duty of loyalty." [FN66] This holding, according to the Castiel Parties, is the "law of the case" and, consequently, summary judgment should be entered in favor of the Castiel Parties on Count II of their counterclaims. [FN67]

> FN66. *VGS, Inc. v. Castiel,* 2000 WL 1277372, at *4, *5. *See also VGS, Inc. v. Castiel,* 2001 WL 1154430, at *1 (Del.Ch. Sept.25, 2001) ("In his August 31, 2000 decision, then Vice Chancellor Steele found that Peter Sahagen and Tom Quinn breached their duty of loyalty when they secretly executed a written consent to the merger of [Virtual Geo] with and into VGS, Inc., for the purpose of eliminating the majority control over the enterprise of the third manager, David Castiel").

> FN67. *See Kenton v. Kenton,* 571 A.2d 778, 784 (Del.1990) ("The 'law of the case' is established when a specific legal principle is applied to an issue presented by facts which remain constant throughout the subsequent course of the same litigation") (citation omitted).

The doctrine of "law of the case" is not a hard and fast rule, however. [FN68] The Delaware Supreme Court has stated that "[t]he law of the case doctrine is not inflexible in that, unlike *res judicata,* it is not an absolute bar to reconsideration of a prior decision that is clearly wrong, produces an injustice, or should be revisited because of changed circumstances." [FN69] The Sahagen Parties urge this court not to apply the "law of the case" doctrine because to do so would "create an injustice." [FN70]

> FN68. *See Gannett Co., Inc. v. Kanaga,* 750 A.2d 1174, 1181 (Del.2000).

> FN69. *Id.* (citations omitted).

> FN70. Sahagen Parties Ans. Br. at 39.

*13 The court does find that any such injustice would occur if the "law of the case" doctrine were applied only with respect to whether or not a breach of the duty of loyalty occurred. There have been no changed circumstances since then-Vice Chancellor Steele issued his opinion. It also was not clearly wrong since the Delaware Supreme Court has subsequently affirmed the decision. [FN71] Thus, the court concludes that the "law of the case" doctrine does apply to the current facts, and Sahagen and Quinn will be held to have breached their duty of loyalty. Otherwise, the Castiel Parties would be forced to call witnesses to testify about what happened with respect to the attempted merger-testimony with which this court is all too familiar. Any such requirement would be redundant and serve to waste this court's time.

> FN71. *VGS, Inc.,* 781 A.2d 696 (Del.2001)

The Sahagen Parties argue that even if the "law of the case" is applied to Sahagen's and Quinn's breaches, important issues remain for trial as to questions of cause in fact, proximate cause, damages, setoff, comparative fault, estoppel, unclean hands, and contribution. The Castiel Parties do not disagree. [FN72] Accordingly, the court will only grant summary judgment on Count II of the Castiel Parties' complaints to the extent that the "law of the case" doctrine instructs this court to find that Sahagen and Quinn breached their fiduciary duty of loyalty.

> FN72. *See* Castiel Parties Reply Br. at 9-10.

VI.

For the foregoing reasons, summary judgment is granted in favor of the Castiel Parties on the Sahagen Parties' cross-counterclaim, except as to Count IX of that counterclaim. Summary judgment is granted in part in favor of the Castiel Parties on

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d  
2003 WL 723285 (Del.Ch.)  
**(Cite as: 2003 WL 723285 (Del.Ch.))**

Page 16

Count II of its counterclaim to the extent that the court finds that Quinn and Sahagen breached their duty of loyalty. The parties shall consult and present a conforming order within 10 days of this opinion.

2003 WL 723285 (Del.Ch.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, Ian H. Fisher, an attorney, hereby certify that I caused a copy of the attached **Defendants' Motion To Dismiss** to be served via facsimile (without exhibits) and by U.S. Mail (with exhibits), on January 10, 2005, upon the following:

Robert A. Carson
Christopher J. Horvay
Christina B. Conlin
Gould & Ratner
222 North LaSalle Street, Eighth Floor
Chicago, IL 60601
(312) 236-3241 (facsimile)

_____
Ian H. Fisher

```
         ***********************
         ***   TX REPORT    ***
         ***********************

         TRANSMISSION OK

         TX/RX NO              3405
         CONNECTION TEL                   9p2363241
         SUBADDRESS
         CONNECTION ID
         ST. TIME              01/10 16:09
         USAGE T               01'38
         PGS. SENT                10
         RESULT                OK
```

# Schopf & Weiss LLP

312 West Randolph Street, Suite 300
Chicago, Illinois 60606
tel 312.701.9300
fax 312.701.9335
www.sw.com

sender's e-mail
fisher@sw.com

sender's direct dial
312.701.9316

## From Ian H. Fisher

To:

- ROBERT A. CARSON
  CHRISTINA B. CONLIN
  CHRISTOPHER J. HORVAY

FAX: 312.236.3241
PHONE: 312.236.3241

Sent January 10, 2005 2:09 PM

10 pages including cover sheet

Ref: 921-01

☐ Urgent      ☑ For Review      ☐ Please Reply      ☐ Please Comment

Comments: